IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY T. SMITH, | ) | CASE NO. 1:08CV0845 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE OLIVER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| JULIUS WILSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | ORDER |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Stanley T. Smith ("Smith") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Smith now moves for an order directing respondent to produce a complete transcript of state court proceedings and an order staying of these proceedings pending the production of the transcript. Motion, Doc. No. 8. Respondent opposes Smith's motion. Opposition, Doc. No. 9. For the reasons described below, Smith's motion is denied.

Smith asserts that "he received only a partial transcript of the 'Sentencing Hearing' flowing from the state court proceedings," Motion at 1, and that he is unable to argue his case effectively before the court without a complete copy of the transcript of that hearing. He moves, therefore, for the court to order respondent "to produce and serve on petitioner the full state court record including a complete transcript of proceedings ('trial') etc. . . . ." Motion at 2. Respondent replies that it attached a transcript of Smith's sentencing hearing to its Return of Writ as Exhibit 15 and served this, along with all other Exhibits, on

petitioner. Respondent also replies that it did not produce copies of any other transcripts because they were not relevant to Smith's petition.

Respondent argues that Smith is not entitled to a transcript because habeas petitioners are not entitled to a free transcript in a collateral proceeding. Respondent cites *Untied States v. MacCollum*, 426 U.S. 317 (1976), and *Ross v. Moffitt*, 417 U.S. 600 (1974), in support of this assertion. Neither case stands for that proposition. *Moffit* addresses the issue of an appellant's right to counsel at the expense of the state and is not directly relevant to the provision of free transcripts. *MacCollum* concerns a habeas petition brought pursuant to 28 U.S.C. § 2255 ("§ 2255") by a petitioner in federal custody. The provision of free transcripts to persons petitioning pursuant to § 2255 is governed by 28 U.S.C. § 753(f) ("§ 753(f)"), which provides in relevant part:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. (s) 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

*MacCollum* found that the limits placed on the provision of free transcripts by § 753(f) did not offend due process. All other findings in *MacCollum* are dicta.

The case that generally governs the provision of free transcripts to indigent petitioners in collateral proceedings is *Lane v. Brown*, 372 U.S. 477 (1963). In *Lane*, the Court instructed as follows:

> In *Griffin v. Illinois*, 351 U.S. 12, the Court held that a State with an appellate system which made available trial transcripts to those who could afford them was constitutionally required to provide "means of affording adequate and effective

> appellate review to indigent defendants." *Id.*, at 20. "Destitute defendants," the Court held, "must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Id.*, at 19. In *Burns v. Ohio*, 360 U.S. 252, involving a $20 fee for filing a motion for leave to appeal a felony conviction to the Supreme Court of Ohio, this Court reaffirmed the *Griffin* doctrine, saying that "once the State chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty. * * * This principle is no less applicable where the State has afforded an indigent defendant access to the first phase of its appellate procedure but has effectively foreclosed access to the second phase of that procedure solely because of his indigency." *Id.*, at 257. In *Smith v. Bennett*, 365 U.S. 708, the Court made clear that these principles were not to be limited to direct appeals from criminal convictions, but extended alike to state postconviction proceedings. "Respecting the State's grant of a right to test their detention," the Court said, "the Fourteenth Amendment weighs the interests of rich and poor criminals in equal scale, and its hand extends as far to each." *Id.*, at 714. In *Eskridge v. Washington Prison Board*, 357 U.S. 214, the Court held invalid a provision of Washington's criminal appellate system which conferred upon the trial judge the power to withhold a trial transcript from an indigent upon the finding that "justice would not be promoted * * * in that defendant has been accorded a fair and impartial trial, and in the Court's opinion no grave or prejudicial errors occurred therein." *Id.*, at 215. There it was said that "(t)he conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript." *Id.*, at 216.
>
> The present case falls clearly within the area staked out by the Court's decisions in *Griffin*, *Burns*, *Smith*, and *Eskridge*. To be sure, this case does not involve, as did *Griffin*, a direct appeal from a criminal conviction, but *Smith* makes clear that the *Griffin* principle also applies to state collateral proceedings, and *Burns* leaves no doubt that the principle applies even though the State has already provided one review on the merits.

*Lane*, 372 at 483-85. The United States Supreme Court, therefore, found that Indiana violated Lane's due process rights by failing to provide him a free transcript in a collateral proceeding.

*Lane* teaches that due process generally demands that indigent petitioners receive a free transcript; *MacCollum* teaches that requiring the petition to be non-frivolous and the requested transcript to be necessary as preconditions to a free transcript does not offend

3

due process.[1] The rule, therefore, is that an indigent petitioner must receive a free transcript if the suit is not frivolous and the transcript is needed to decide the issue presented by the petition.

In the instant case, Smith's petition raises two ground for relief: (1) "[C]onviction obtained in violation for the Federal Constitution's Sixth and Fourteenth Amendment where 'penalty phase errors' . . . therein reducing the proceedings to a mere nullity and void as a matter of law" (brackets and errors in the original), and (2) "[C]onviction obtained in violation of the Federal Constitution's prohibition against ex post facto laws" (brackets in the original). Examination of Smith's supporting facts and arguments reveals that although Smith's grounds for relief assert that he is attacking his "conviction," both grounds for relief actually attack his most recent sentence[2] and do not challenge his conviction.

Respondent asserts that he has already provided Smith a complete transcript of the hearing at which Smith received his most recent sentence. Attached to respondent's Return of Writ as Exhibit 15 is a 21-page transcript of Smith's last sentencing hearing. The transcript in the record is numbered consecutively up to page 21, and there are no missing pages. It appears, therefore, that Smith has a complete transcript of his final sentencing hearing.

Although the exact nature of Smith's request is not entirely clear, Smith also seems

---

[1] Inevitably, a complete transcript will be "necessary" if respondent chooses to include excerpts of the transcript as an exhibit attached to a Return of Writ. Due process does not permit a party to select favorable excerpts from a document while denying the other party access to the document from which the excerpts were drawn.

[2] Smith's first sentence was overturned on direct appeal, and the state appellate court remanded the case to the trial court for resentencing. Smith is attacking the latter sentence.

4

to be requesting a transcript of his trial proceedings. Smith does not explain why such a transcript is relevant to his petition, and the trial proceedings would seem to have no bearing on the resolution of his grounds for relief.

Because Smith already has received the transcript required by due process, his motion for transcripts is denied to the extent that it asks for additional transcripts. His motion for a stay while transcripts are produced, therefore, also is denied as moot.

**IT IS SO ORDERED.**

                                                                         /s/ *Nancy A. Vecchiarelli*
                                                                         United States Magistrate Judge

Date:  September 12, 2008