UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY T. SMITH, , *Pro Se*, | ) | Case No.: 1:08 CV 845 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| JULIUS WILSON, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

## I. BACKGROUND

On April 2, 2008, Stanley T. Smith ("Smith" or "Petitioner"), *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Smith was convicted by a jury of five counts of drug trafficking in violation of Ohio Rev. Code § 2925.03. The trial court subsequently sentenced Smith to one year prison terms on Counts One, Two, Five, and Six, and a four-year prison term on Count Seven, to be served concurrently, but consecutively to sentences imposed by the trial court in an unrelated criminal case.

Smith appealed his sentence to the state appeals court, which affirmed the guilty finding but reversed the sentence and remanded the case for re-sentencing to the trial court, pursuant to *State v. Foster,* 109 Ohio St. 3d 1 (Ohio 2007) (citing *Blakely v. Washington,* 542 U.S. 296 (2004)). The

state appeals court held the original sentence was void because the trial court made judicial findings of fact before imposing a consecutive sentence.

Smith was re-sentenced on November 1, 2006, where the trial court noted that it would now consider the findings made during the original sentencing as guidelines in the re-sentencing. It then heard arguments from Smith's counsel against the imposition of consecutive sentences. The trial court, after concluding that Smith was not amenable to any available community control sanction, that a term of imprisonment was consistent with the purposes of sentencing, and that recidivism was likely, imposed the same sentence upon Smith that it had originally imposed.

In his Petition, Smith argues: (1) his conviction was obtained in violation of the Sixth and Fourteenth Amendments pursuant to *Foster* because the trial court erred in relying on facts not found by a jury in sentencing Smith to consecutive terms; (2) because the events specified in the indictment occurred several years before the decision in *Foster*, applying *Foster's* judicially-reconstructed sentencing statute in re-sentencing Smith violated his right to be free from *ex post facto* laws.

## II. REPORT AND RECOMMENDATION

This case was referred to Magistrate Judge Nancy A. Vecchiarelli ("Magistrate Judge") for preparation of a Report and Recommendation ("R&R"). The Magistrate Judge issued her R&R on October 14, 2008, recommending that Smith's Petition be dismissed. (ECF No. 14.)

First, the Magistrate Judge concluded that Petitioner procedurally defaulted his first claim by failing to object contemporaneously at his sentencing hearing to the sentence, as required by Ohio Rule 30. (R&R at 9.) The Magistrate Judge concluded that Petitioner's proffered cause for the procedural default, ineffective assistance of counsel, was not well-taken. Specifically, the

- 2 -

Magistrate Judge concluded that the ineffective assistance of counsel claim itself was procedurally defaulted, since Smith did not "present to the state courts as a stand-alone claim his contention that trial counsel was ineffective for failing to object to the use of judicially-determined facts in sentencing Smith." (R&R at 10.) Moreover, the Magistrate Judge concluded that, even if Smith could use trial counsel's alleged ineffectiveness in failing to object to Smith's sentencing as cause for his procedural default, Smith could not establish that his counsel was ineffective or that the alleged ineffectiveness prejudiced him. The Magistrate Judge premised this conclusion on the fact that, "giving a court full discretion to select any sentence within a range of sentences for whatever reason it deems appropriate, *even if the court engages in judicial fact-finding in reaching its sentencing determination,* does not violate the holding in *Blakely.*" (R&R at 12, emphasis in original.)

Second, the Magistrate Judge found that the trial court's actions in sentencing Smith to sentences under the Ohio sentencing statute re-fashioned by *Foster* does not violate the *Ex Post Facto* clause of the Constitution for three reasons: (1) Petitioner's reliance on *Bouie v. City of Columbia,* 378 U.S. 347, 353 (1963), for the proposition that "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law," is unavailing because the statute in *Bouie* was very different from the alleged enlargement in *Foster* (R&R at 17-18); (2) Petitioner's position that the trial court's re-sentencing violated Petitioner's Due Process right not to be re-sentenced pursuant to an *ex post facto* law is foreclosed in part by *Dobbert v. Florida,* 432 U.S. 282 (1977) (R&R at 17-19); and (3) Smith's argument is contradicted by *U.S. v. Booker,* 543 U.S. 220 (2005), and its progeny (R&R at 20-21.)

### III. PETITIONER'S OBJECTION

Petitioner timely filed his Objection to the Magistrate Judge's R&R (ECF No. 15), wherein he confined his challenge to the Magistrate Judge's conclusion regarding his second claim. Petitioner maintains that:

> While the Magistrate is correct that the state court did reimpose the original sentence after a *Foster* remand, it is the position of Petitioner that: where the trial court had initially and unconstitutionally relied on fact-findings in determining that sentence that was imposed, it would only tend to reason that once these unconstitutional fact-findings had been eliminated that the "penalty initially imposed" would equally and necessarily have to be decreased as a matter of common sense.

(Pet'r's Objection at 2.)

### IV. THE COURT'S RULING

The court finds, after careful review of the Magistrate Judge's Report and Recommendation, Petitioner's Objection, and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. More specifically, the court finds that the objection raised by Petitioner is not well-taken. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 14). The court hereby dismisses Smith's Petition for Writ of Habeas Corpus, and final judgment is entered in favor of the Respondent. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/S/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 28, 2008